{¶ 1} Plaintiff-appellant, Paul Laurenzi, appeals from a judgment of the Ohio Court of Claims granting summary judgment to defendant-appellee, Ohio Department of Transportation ("ODOT"). Plaintiff assigns a single error:
 THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF PLAINTIFF-APPELLANT, PAUL LAURENZI, IN ORDERING SUMMARY JUDGMENT ON THE ISSUE OF LIABILITY IN FAVOR OF DEFENDANT-APPELLEE, OHIO DEPARTMENT OF TRANSPORTATION. *Page 2 
Because the federal statute on which plaintiff relies for the proposition that ODOT is responsible for maintaining federal-aid highways does not create a private remedy, we affirm.
 {¶ 2} According to the undisputed evidence, plaintiff was operating a motorcycle on the Rocky River Drive/Brookpark Road entrance ramp to southbound State Route 237 and I-480 on the night of September 3, 2003. Located within the Cleveland city limits, the road is a federal-aid highway built in part with funds that the Federal Highway Administration provided. As plaintiff merged onto State Route 237, his vehicle struck the end of an unpainted low barrier concrete wall, causing plaintiff to suffer personal injuries. Plaintiff asserts he was unable to see the barrier wall in the nighttime because the yellow pavement line painted in front of the wall was faded.
 {¶ 3} Plaintiff filed suit in the Ohio Court of Claims seeking compensatory damages from ODOT. Pursuant to Civ.R. 56, ODOT filed a motion for summary judgment on the issue of liability, contending it owed no duty to plaintiff under state law, as the city of Cleveland was responsible under R.C. 5511.01 for maintaining the barrier wall. ODOT further asserted the federal statute on which plaintiff relied created no private cause of action. Following the parties' fully briefing the issues, the Court of Claims granted ODOT's summary judgment motion on January 12, 2007. Plaintiff appeals, contending the trial court erred in concluding ODOT had no actionable duty to maintain the barrier wall within the Cleveland city limits.
 {¶ 4} An appellate court's review of summary judgment is conducted under a de novo review. Koos v. Cent. Ohio Cellular, Inc. (1994),94 Ohio App.3d 579, 588, citing Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. We apply the *Page 3 
same standard as the trial court and conduct an independent review without deference to the trial court's determination. Maust v. Bank OneColumbus, N.A. (1992), 83 Ohio App.3d 103, 107; Brown, supra, at 711. We must affirm the trial court's judgment if any of the grounds the movant raised before the trial court support the judgment. Coventry Twp. v.Ecker (1995), 101 Ohio App.3d 38, 41-42.
 {¶ 5} Summary judgment is appropriate only when (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66. A party seeking summary judgment "bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996),75 Ohio St.3d 280, 292.
 {¶ 6} Plaintiff's cause of action is a common law negligence claim. The Court of Claims Act permits plaintiff to proceed against ODOT with a lawsuit that would have been terminated at common law on the grounds of ODOT's defense of sovereign immunity. In order to prevail on his negligence claim, plaintiff must establish "the existence of a duty, the breach of the duty, and injury resulting proximately therefrom."Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 285, citingFeldman v. Howard (1967), 10 Ohio St.2d 189, 193.
 {¶ 7} To the extent plaintiff attempts to premise his claims on state law, his efforts are unavailing. R.C. 5511.01 provides that "no duty of constructing, reconstructing, *Page 4 
maintaining, and repairing such state highways within municipal corporations shall attach to or rest upon the director [of transportation]." See, also, R.C. 5501.31. ODOT thus had no responsibility for maintaining the barrier wall on a highway located within the Cleveland city limits. Absent a duty, ODOT has no legal liability to plaintiff if the city fails to fulfill its maintenance obligation. Plaintiff does not contend otherwise.
 {¶ 8} Rather, plaintiff looks to federal law to support his claim against ODOT. Plaintiff contends the Federal-Aid Highway Act, Section 101, Title 23, U.S. Code et seq. ("the Act") not only requires ODOT to maintain all parts of a federal-aid highway, but renders ODOT liable for its failure to comply with the maintenance requirements of that law. By contrast, ODOT acknowledges it remains responsible to the federal government for maintenance even though the municipality actually maintains the highway at issue, but it contends the federal statute imposing that burden upon ODOT does not create a private remedy. The issue then initially resolves to whether the Act imposes a duty on ODOT that creates a private remedy on which plaintiff may premise his negligence claims. Neither party disputes that the Act applies to the on-ramp or approach at issue, and so we assume its application for purposes of addressing plaintiff's assigned error.
 {¶ 9} Plaintiff correctly asserts ODOT has a "federal" responsibility to maintain the federal-aid highway at issue: the federal legislation expressly states that "[i]t shall be the duty of the State transportation department to maintain, or cause to be maintained, any project constructed under the provisions of this chapter." Section 116, Title 23, U.S.Code. The state's maintenance obligation can be delegated to other governmental entities in accordance with Section 116(b), which recognizes that in some states, as in *Page 5 
Ohio, the state transportation department may be without existing legal authority to directly maintain a federal-aid project. See R.C. 5511.01.
 {¶ 10} Although Section 116(b) allows such delegation, it does not relieve the state highway department of its responsibility to maintain a federal-aid highway. Section 1.27, Title 23, C.F.R. (stating that "[t]he State highway department may provide for such maintenance by formal agreement with any adequately equipped county, municipality or other governmental instrumentality, but such an agreement shall not relieve the State highway department of its responsibility for such maintenance"). As a result, even though ODOT does not directly maintain the federal-aid highways located within municipal corporations in the state, it must "cause" the highway "to be maintained" or its future federal funding for highways may be jeopardized. Section 116(a) and (c), Title 23, U.S.Code. Plaintiff contends ODOT's duty to maintain is the premise giving rise to a private cause of action for those injured as a result of ODOT's breaching that duty.
 {¶ 11} The Act does not expressly "authorize a suit or cause of action for violation" of its provisions. Daye v. Pennsylvania (D.C.Pa.,1972),344 F.Supp. 1337, 1347. If a cause of action exists under the Act, it must be implied as necessary "to effectuate the Congressional policy underlying the substantive provisions" of the Act. Id.
 {¶ 12} "The statutory language of the [Act] clearly indicates that the ultimate responsibility for any safety provisions under the Act lies with the Secretary [of Transportation]" who "is given the power to withhold his approval in the event the design or construction of the highway does not meet applicable federal standards." Id. Because the "express sanction provided in the Act is disqualification of the state for federal funds," *Page 6 
we agree with Daye that "the statutory language militates against the implication of a private remedy." Id.
 {¶ 13} "Moreover, the congressional policy underlying the Act does not mandate an implied private cause of action." Id. As Daye observed, "the primary function * * * in approving plans submitted * * * by a state and inspecting roads during and after construction, is that of making sure that federal appropriations are being utilized properly and efficiently by the respective states and are not being wasted." Daye, supra, quoting, Mahler v. United States (C.A.Pa.,1962), 306 F.2d 713, 716. Such purpose is reflected in the only express sanction authorized for failure to properly maintain the federal-aid highway: withholding approval of future projects.
 {¶ 14} Because "the purpose of the Act is the protection of federal investment, and the sanctions * * * are directed to fulfill such purpose," we again agree with Daye that the Act "gives rise to no private cause of action." Daye, at 1348. See, also, Miller v. UnitedStates (C.A.Colo.,1983), 710 F.2d 656, 663, certiorari denied,464 U.S. 939; Mahler, supra, at 722 (stating "we have discovered nothing which would indicate that Congress has redesigned the inspections during and after construction to function as anything more than that which was originally intended, viz., a means of protecting the federal investment"); Smith v. Bernier (D.Md.,1988), 701 F.Supp. 1171, 1174
(concluding neither the Act nor the regulations promulgated under it, created a private cause of action). But, see, Austin v. Tennessee
(Tenn.,1990), 796 S.W.2d 449, 455 (not discussing or deciding, but assuming, a private cause of action exists under the Act).
 {¶ 15} In the final analysis, from the beginning of the federal-aid highway program Congress was preeminently concerned with state autonomy in construction and *Page 7 
maintenance, but also with safeguarding federal funds. Miller, supra. The federal purpose in demanding state oversight of federal-aid highway maintenance is to protect the federal financial investment.Mahler, supra; Daye, supra. Although ODOT must ensure maintenance of federal-aid highways, it does not owe the obligation to plaintiff but to the federal government.
 {¶ 16} Because ODOT did not owe any duty to plaintiff to maintain the road at issue, we overrule plaintiff's single assignment of error and affirm the judgment of the Ohio Court of Claims granting summary judgment to ODOT.
Judgment affirmed.
BROWN and TYACK, JJ., concur. *Page 1